Moncure, P.
delivered the opinion of the court.
The court is of opinion, that the appellant A. L. Hendricks having by deed executed by himself and wife, beai’ing date and duly recorded in the clerk’s office of the County court of Russell on the first day of 'October 1868, conveyed to William A. Stuart, in fee simple and with general warranty and other covenants of title, a tract of land in said county, including *452 the land on which the appellee James Fields claims in this ease a mechanics’ lien, the said Stuart is entitled, as assignee of the said Hendricks, to prosecute in his name anc[ for the benefit of the said Stuart this appeal, . for the purpose of having the decree of the Circuit court in this case reversed and the said land relieved and discharged of the claim to the said lien. And the court doth therefore overrule the motion of the appellee to dismiss this appeal upon the ground that the said Stuart has no right to prosecute the same in the name of the said Hendricks.
The court is further of opinion, that the decree appealed from in this case is not a final decree; and therefore, though it was rendered more than two years before the petition for the said appeal was presented, yet the said petition was not barred by the limitation prescribed by the Code, chapter 178, section 3, page 1136. The court doth therefore overrule the motion to dismiss the said appeal upon the ground that the said petition was barred by the said limitation.
The court is further of opinion, that as on the 1st day of March 1866, when the contract between said Hendricks and.Fields was entered into for the erection of certain buildings by the said Fields for the said Hendricks, as mentioned and set forth in the agreement marked A and filed with the bill, and as for a long time thereafter, and until the work contracted for as aforesaid had been fully executed, the only law of this state which provided for a mechanics’ lien was that laid down in the Code of 1860, page 567, chapter 119, section 2, which provided for such lien only where the land on which the buildings were to be erected or repaired was situated in a city or town; and as the land on which the buildings were contracted to be erected in the agreement aforesaid was situate not in *453 -a city or town but in the country; therefore the said Fields was not entitled to a mechanic’s lien under the said law for the money due to him for erecting the said buildings.
The court is further of opinion, that although by an act passed afterwards, to wit: on the 18th day of April 1867, Acts of Assembly 1866-’67, page 805, chap. 36, the said second section of the Code of 1860 was amended by omitting the words “in a city or town,” in the first line of the said section, the effect of which amendment was to give a lien on the land whether it be situate in a city or town or in the country; yet that net operates prospectively only, and not retrospectively also, and therefore does not give a mechanics’ lien to the said Fields for the money due to him as aforesaid.
The court is further of opinion, that even if it be conceded, for the purposes of this case, that the said agreement was duly admitted to record, the effect of that act was not to produce a novation of the contract or to bring it down to the date of such recordation, so as to subject the said agreement to the operation of the said act of assembly, and to give to the said Fields, under and by virtue of the same, the benefit of a mechanics’ lien as aforesaid.
The court therefore, without deciding whether the said agreement was duly admitted to record or not (a question not necessary to be decided in this case), is of opinion that the appellee is not entitled to the lien which he claims, and that the decree of the Circuit court is therefore erroneous, and ought to be reversed, and the bill dismissed.
The decree was as follows:
This day came again as well the said appellant as *454 the said appellee by their counsel, and the court havmg maturely considered the said motion together with the disposiyionsaffidavits and exhibits, and the arguments of counsel touching the same, doth, for reasons 0 stated in writing and filed with the record, overrule ga^ mot;on to dismiss the appeal; and having further maturely considered the transcript of the said decree and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous; therefore it is decreed and ordered that the same be reversed and annulled, and that the appellee pay to William A. Stuart (for whom and at whose expense the appeal is prosecuted) the costs of the appellant in the prosecution of the same. And this court proceeding to render such decree as the said Circuit court ought to have rendered, it is further decreed and ordered that the appellee’s bill be dismissed, and that the appellee pay to the appellant his costs by him expended in the said Circuit court.
Motion to dismiss the appeal overruled.
Decree reversed.